# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALECIA B. TAMAYO,
          Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,
          Agency.

DOCKET NUMBER
AT-1221-17-0449-W-1

DATE: July 26, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alecia B. Tamayo</u>, Stockbridge, Georgia, pro se.

<u>Rebecca E. Pope</u>, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal based on 5 U.S.C. § 2302(b)(8) for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify that the appellant also failed to establish Board jurisdiction based on 5 U.S.C. § 2302(b)(9), we AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant served as a Supervisory Transportation Security Officer. On or about March 13, 2015, she filed a complaint with the Office of Special Counsel (OSC), OSC Docket No. MA-15-3045, in which she claimed that she made a number of protected disclosures to management officials in which she alleged discrimination based on sex, disability, and age, and retaliation for engaging in equal employment opportunity (EEO) activity,[2] and that those disclosures evidenced on the agency's part a violation of law, rule, or regulation, gross mismanagement, and an abuse of authority. Initial Appeal File (IAF), Tab 1 at 72. On April 22, 2015, OSC advised the appellant that it does not take action

---

[2] As of the time the appellant filed this OSC complaint, she had filed two EEO complaints. She subsequently filed three more.

on allegations of discrimination and retaliation for filing EEO complaints and that therefore it was closing its file.[3] *Id.* at 79.

¶3    On or about July 4, 2016, the appellant filed a second complaint with OSC, OSC Docket No. MA-16-4467.[4]  On February 14, 2017, OSC advised her of its preliminary determination to close its inquiry into the complaint.  IAF, Tab 1 at 213-14.  It described the appellant's complaint as consisting of allegations that agency officials discriminated against her based on sex, age, and disability; retaliated against her for engaging in EEO activity; and subjected her to harassment and disparate treatment in retaliation for disclosing to agency leadership that it lacked accountability.  *Id.*  OSC stated that it would take no further action on the appellant's allegations of discrimination and retaliation for engaging in EEO activity, explaining that such matters are more appropriately resolved through the EEO process.  *Id.* at 213.  Regarding the appellant's harassment and disparate treatment claim, OSC indicated that it considered it as a potential claim of retaliation for whistleblowing in violation of 5 U.S.C. § 2302(b)(8), but found that it could not conclude that she had made a protected disclosure, and that therefore it found no basis for further investigation of the matter as a violation of that statutory provision.  OSC did, however, allow the appellant an opportunity to submit further comment.  *Id.* at 214.

¶4    In her response to OSC, the appellant repeated the claims she made in her first complaint that she made disclosures that evidenced the agency's violation of law, rule, or regulation, gross mismanagement, and abuse of authority.  *Id.* at 25.  She argued that, in reprisal for her disclosures, the agency issued her an "untrue" letter of counseling (LOC) on August 6, 2016, based on "Inappropriate

---

[3] Because the appellant had not alleged retaliation for whistleblowing, OSC did not provide her with rights to file an IRA appeal before the Board, IAF, Tab 1 at 79.

[4] The appellant did not submit a copy of this complaint into the record in her IRA appeal.

Comments," *id.* at 26, 29, and denied her "fair" ratings and performance reviews which, in turn, prevented her from receiving promotions and other employment opportunities. *Id.* at 27. The appellant also claimed that some of these adverse agency decisions were due to her having filed her first and second OSC complaints. *Id.* at 28. With her response to OSC, the appellant submitted various documents from her EEO complaints. *Id.* at 45-52. On April 4, 2017, OSC upheld its earlier determination to close its file and apprised the appellant of her opportunity to file an IRA appeal with the Board.[5] *Id.* at 12-15.

¶5      In her IRA appeal, the appellant claimed that, by her filings, she disclosed that the agency violated the Civil Rights Act and the Age Discrimination in Employment Act and committed other prohibited personnel practices including disability discrimination; that the agency violated her rights as a "known" EEO complainant; that she complained to leadership about its lack of accountability, and that, under 5 U.S.C. § 2302(b)(8), all of these disclosures evidenced on the agency's part violations of law, rule, and regulation, gross mismanagement, and abuse of authority. She noted her two OSC complaints and appeared to allege retaliation based on them. She repeated her claim that, because of her disclosures, she received an "untrue" LOC, and was denied fair ratings and reviews, leading to her being denied promotional and other employment opportunities. IAF, Tab 1 at 2, 7-11. She requested a hearing. *Id.* at 1. With her appeal, the appellant submitted in excess of 200 pages of attachments including copies of her correspondence with OSC regarding her complaints, *id.* at 14-21, 30-31, 39-40, 67-80, 194-202, 213-18; and documents relating to her allegations

---

[5] Regarding the appellant's claims that agency officials committed prohibited personnel practices unrelated to alleged retaliation for whistleblowing, OSC advised her that she could request its Disclosure Unit to review them, IAF, Tab 1 at 14, and she did so, although without success, IAF, Tab 10 at 40-43.

of discrimination and her EEO complaints, *id.* at 22-24, 34-38, 41, 45-52, 83-127, 142-52, 174-78, 221-27.[6]

¶6      The administrative judge issued a thorough order on jurisdiction and proof requirements in connection with the appellant's IRA appeal.  IAF, Tab 5.  The appellant's 270-page response consisted largely of documents she already had submitted.  IAF, Tab 10 at 12-86, Tabs 11-12.  The agency urged that the appeal be dismissed for lack of jurisdiction.  IAF, Tab 10 at 4-10.

¶7      In an initial decision based on the written record, the administrative judge found that the appellant failed to make a nonfrivolous allegation that she engaged in whistleblowing activity by making a protected disclosure.  IAF, Tab 13, Initial Decision (ID) at 6-8.  Specifically, the administrative judge found that the alleged violations refer to violations of EEO statutes and policies as they related to the appellant, and that such allegations do not constitute protected disclosures under 5 U.S.C. § 2302(b)(8).  Further, the administrative judge summarily found that the appellant's allegations did not fall under the expanded coverage of the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465.  ID at 7.  As such, the administrative judge dismissed the appeal for lack of jurisdiction.  ID at 1, 8.

¶8      The appellant has filed a petition for review, generally reasserting the claims she made below, Petition for Review (PFR) File, Tab 1, and the agency has responded in opposition, PFR File, Tab 3.

## ANALYSIS

¶9      The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedy before OSC and makes nonfrivolous allegations that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the

---

[6] The appellant submitted a number of these documents in duplicate.

disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1).

¶10  Under 5 U.S.C. § 1214(a)(3), an employee is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an IRA appeal.  *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015).  To satisfy this requirement, an appellant must articulate to OSC the basis for her request for corrective action "with reasonable clarity and precision."  *Id.* (quoting *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1037 (Fed. Cir. 1993)).  An appellant may demonstrate exhaustion of her OSC remedy through her initial OSC complaint and other written correspondence to and from OSC concerning her allegations.  *Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 6 (2014).

¶11  Because the administrative judge did not, in her initial decision, address the initial jurisdictional issue of exhaustion, we do so now.  Based on our review, we find that, in her second OSC complaint, the appellant exhausted her administrative remedies regarding her claim that, in violation of section 2302(b)(8), the agency retaliated against her for her alleged protected disclosures regarding the agency's violation of EEO statutes relating to discrimination and retaliation for engaging in EEO activity, and her claim that she was subjected to harassment for disclosing to agency leadership that it lacked accountability.  IAF, Tab 1 at 2, 7‑11, 213-14.

¶12  However, as to the first of these two claims, the Board recently reiterated its long-standing precedent and that of the U.S. Court of Appeals for the Federal Circuit to the effect that disclosures that oppose practices made unlawful by Title VII do not constitute protected disclosures under section 2302(b)(8), and the Board further found that the WPEA does not extend the coverage of whistleblower protection statutes to Title VII-related matters.  *Edwards v.*

*Department of Labor*, 2022 MSPB 9, ¶¶ 10-23, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023).

¶13    Regarding the appellant's allegation that the agency subjected her to harassment in retaliation for disclosing to agency leadership that it lacked accountability, the Board has held that "vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal." *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016); *see Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, ¶ 10 (1999) (stating that conclusory allegations lacking in specificity that the appellant has made protected disclosures do not constitute a nonfrivolous allegation of jurisdiction in an IRA appeal).    Here, the appellant's statement that agency leadership lacked accountability is vague and does not reflect a disclosure of a matter protected by 5 U.S.C. § 2302(b)(8).    We therefore find that the appellant has failed to raise a nonfrivolous allegation that she made a protected disclosure under 5 U.S.C. § 2302(b)(8).

¶14    We further find that, in her second OSC complaint and in her correspondence to OSC following that filing, the appellant exhausted her administrative remedies regarding her claim that the agency retaliated against her for filing OSC complaints.    IAF, Tab 1 at 2, 7-11, 28.    The whistleblower protection statutory scheme includes as protected activity cooperating with or disclosing information to the Inspector General of an agency or the Special Counsel.    5 U.S.C. § 2302(b)(9)(C).[7]    Under this broadly worded provision,

---

[7] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017.    Section 1097 of the NDAA amended various provisions of Title 5 of the U.S. Code, including section 2302(b)(9)(C) to include as protected a disclosure to any other component responsible for internal investigation, but our decision in this appeal would be the same under both pre- and post-NDAA law.

disclosures of information to OSC are protected regardless of their content, so long as such disclosures are made "in accordance with applicable provisions of law." *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. Under the circumstances, we find that the appellant nonfrivolously alleged that she engaged in protected activity under 5 U.S.C. § 2302(B)(9)(C) when she filed her OSC complaints.

¶15      The next jurisdictional inquiry is whether the appellant made a nonfrivolous allegation that the protected activity she engaged in was a contributing factor in the agency's decision to take or fail to take a personnel action. *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016). One way an appellant may satisfy the contributing factor element at the jurisdictional stage is by making nonfrivolous allegations that the official(s) taking the personnel action(s) knew of the protected activity and that the personnel action(s) occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action(s), which is known as the "knowledge-timing" test. *See* 5 U.S.C. § 1221(e)(1); *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 7 (2014).

¶16      We find that the appellant's allegation that her August 6, 2016 LOC, which led to her being denied "fair" ratings and performance reviews, which in turn led to her being denied promotions and other employment opportunities, all occurred not long after her March 13, 2015 OSC complaint and her July 4, 2016 OSC complaint, and that she therefore nonfrivolously alleged that she met the timing part of the test. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015) (stating that a personnel action taken within approximately 1 to 2 years of the appellant's disclosures satisfies the knowledge/timing test). However, while she alleged that various agency officials were aware of what she described as disclosures under section 2302(b)(8), IAF, Tab 1 at 8-11, Tab 10 at 17-21, she did not nonfrivolously allege that any officials involved in these personnel actions were aware of her OSC complaints. She therefore has failed, under the

knowledge/timing test, to nonfrivolously allege that her protected activity under section 2302(b)(9)(C) was a contributing factor in any personnel action taken against her. *Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 23 (2011) (finding that the appellant failed to establish contributing factor through the knowledge/timing test when he failed to show that any of the officials involved in his nonselection were aware of his protected disclosure).

¶17     The knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard. *Id*., ¶ 24. If the appellant fails to satisfy that test, the Board shall consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether those individuals had a desire or motive to retaliate against the appellant. *Id*. Here, even if the individuals named in the appellant's second OSC complaint were involved in the LOC or the performance ratings she received, her conclusory allegations that the LOC was "untrue" and that her ratings and performance evaluations were not "fair" do not meet the nonfrivolous pleading standard required to establish jurisdiction in an IRA appeal, *see El*, 123 M.S.P.R. 76, ¶ 6; *Keefer*, 82 M.S.P.R. 687, ¶ 10, and she also has failed to nonfrivolously allege that those individuals had a motive to retaliate against her. Nor can we find from the written record other evidence to support the appellant's allegations. *Stiles*, 116 M.S.P.R. 263, ¶ 24. We conclude therefore that the appellant failed to nonfrivolously allege that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) that was a contributing factor in a covered personnel action.

¶18     Based on the appellant's failure to establish Board jurisdiction over her IRA appeal, it was properly dismissed.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be

entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

<blockquote>
U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439
</blockquote>

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: _____/s/ for_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.